**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 96-5105

DONALD COURTOIS,

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 95-CR-138-2-B)

---

Submitted on the briefs:

Michael G. Katz, Federal Public Defender, Jill M. Wichlens, Assistant Federal
Public Defender, Denver, Colorado, for Defendant-Appellant.

Stephen C. Lewis, United States Attorney, Allen J. Litchfield, Assistant United
States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

---

Before **PORFILIO** and **LUCERO**, Circuit Judges, and **MARTEN**,[*] District
Judge.

---

[*] The Honorable J. Thomas Marten, District Judge, United States
District Court for the District of Kansas, sitting by designation.

**LUCERO**, Circuit Judge.

_____

We are required in this sentence appeal to decide whether the use of language by the United States in a plea agreement stating that "the discretion [to file a downward departure motion for substantial assistance] rests solely with the government" requires that the government give defendant the opportunity to provide substantial assistance.[1]  Because we conclude that the specific language of the agreement at issue did not place such an obligation on the government, we affirm defendant's sentence.

Defendant-appellant Donald Courtois was arrested and charged with possession of heroin with intent to distribute and conspiracy.  Upon the government's motion, he was detained without bond.  Defendant subsequently agreed to plead guilty to the possession charge and to cooperate with the government, pursuant to a plea agreement.  This agreement obligated the government to "make the nature and extent of [defendant's] cooperation known" to the trial court at sentencing, and contained the following provision:

_____

[1]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

At this time, the defendant has been de-briefed by federal agents and is making a good faith effort to cooperate in the government's continuing investigation. To insure defendant's continuing cooperation, this plea agreement specifically leaves potentially available all sentencing possibilities contemplated by 18 U.S.C. § 3553(a), (b) and (e) and § 5K1.1 of the Sentencing Guidelines. However, the discretion and decision to file any motion under 18 U.S.C. § 3553(e) (departure below the mandatory minimum sentence) or a motion pursuant to § 5K1.1 (downward departure for substantial assistance) rests solely with the government.

Attachment "A" to Appellant's Opening Br.

It is undisputed that defendant gave truthful information to the government, which included identifying several potential buyers of the seized heroin. The government stated at the sentencing hearing, however, that it was unable to capitalize on the defendant's cooperative efforts and eventually terminated the investigation for the following reasons: (1) it could not utilize defendant's assistance due to the manner in which defendant intended to distribute the heroin; (2) defendant was in custody without bond and therefore unable to complete any prearranged deliveries; and (3) due to time pressures and a subsequent transfer to Honduras, the Tulsa DEA agent was unable to interview the defendant and pursue the investigation after defendant was transferred to a facility forty miles from Tulsa for security reasons.

At sentencing, the government recommended that defendant be given the benefit of 18 U.S.C. § 3553(f), which permits the court to impose a sentence of less than the ten-year statutory minimum if the defendant has truthfully

provided all information and evidence he has concerning offenses that were part of the same course of conduct, common scheme, or plan. The government also recommended that defendant be sentenced to the minimum sentence in the range required by the Sentencing Guidelines based on his cooperation. The government did not, however, move for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines, because defendant had not actually rendered substantial assistance. The government acknowledged that this was due to circumstances beyond the defendant's control. Defendant made no claim at sentencing that the plea agreement had been breached.

On appeal, defendant argues that the government obligated itself to give him the opportunity to render substantial assistance and that the government's failure to do so denied him the benefit of his bargain. See, e.g., United States v. Laday, 56 F.3d 24, 26 (5th Cir. 1995); United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). Whether the government has breached a plea agreement is a question of law which we review de novo. See United States v. Belt, 89 F.3d 710, 713 (10th Cir. 1996).[2]

Ordinarily, the court's review of the government's decision not to move for a substantial assistance downward departure is limited to determining whether the

---

[2] Because the failure to object to an alleged breach of a plea agreement does not waive the issue, we may review defendant's claim de novo rather than for plain error. See Belt, 89 F.3d at 712-13.

decision was animated by an unconstitutional motive or was not rationally related to a legitimate government end.  See Wade v. United States, 504 U.S. 181, 185-86 (1992).  Even if a defendant undeniably renders substantial assistance, the government retains discretion to decide whether to request a § 5K1.1 downward departure.  See id. at 185 (holding § 5K1.1 "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted").

The government may bargain away this discretion, however, in a plea agreement.  See id. at 185; United States v. Price, 95 F.3d 364, 368 (5th Cir. 1996).  We agree with the other circuits that have considered this issue and have found that whether a plea agreement unequivocally obligates the government to provide defendant with the opportunity to provide substantial assistance turns on the specific language of the agreement.  Compare Laday, 56 F.3d at 25 n.1, 26 (holding language providing government "will file" motion if defendant provides substantial assistance obligates government to give defendant opportunity to do so) with Price, 95 F.3d at 366, 368-69 (holding agreement committing decision to move for downward departure to "sole discretion" of government does not obligate government to give defendant opportunity to provide substantial assistance); compare Ringling, 988 F.2d at 506 (holding government's promise that it "*will* make known at the time of sentencing the full nature and extent of Defendant's cooperation" obligates government to interview defendant so that it

can comment on the value of his cooperation) (emphasis added) with United States v. Lockhart, 58 F.3d 86, 88 (4th Cir. 1995) (holding that where plea agreement grants government discretion to seek assistance and move for downward departure, agreement is not breached by failure to provide defendant with an opportunity to render assistance, unless this decision is motivated by impermissible animus or is not rationally related to a legitimate government end).

Here, the government promised Courtois that it would make his cooperation known to the court, which it did. Based on defendant's cooperation, the government recommended both that he be exempt from the statutory ten-year minimum sentence and that he be sentenced at the bottom of the range required by the Sentencing Guidelines. The government did not, however, obligate itself to move for a § 5K1.1 downward departure. The language of the agreement merely left this possibility open, expressly leaving the decision to file such a motion in the sole discretion of the government. The government decided to terminate the drug investigation, rendering defendant's cooperation unnecessary. As defendant has not alleged that the government terminated its investigation for impermissible or irrational reasons, he has alleged no ground for relief.

The judgment is AFFIRMED.