**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**JAN 7 1998**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALFREDO DEOLLOS,

    Defendant-Appellant.

No. 97-8066
(D.C. No. 97-CR-18)
(D. Wyo.)

## ORDER AND JUDGMENT[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

This appeal requires us to decide whether the government breached its plea

agreement with Defendant by refusing to file a motion in the district court for a

downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Exercising

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

jurisdiction pursuant to 28 U.S.C. § 1291, we conclude that the government did not breach the plea agreement and affirm.

On January 18, 1997, a grand jury returned an indictment charging Defendant with one count of conspiracy to distribute methamphetamine and one count of possession with intent to distribute methamphetamine, in respective violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). Instead of proceeding to trial, Defendant and the government entered into a plea agreement whereby Defendant agreed to plead guilty to conspiracy to distribute methamphetamine and the government agreed to dismiss the remaining count. The plea agreement also contains additional terms defining the government's obligations to Defendant and the government's position regarding application of the sentencing guidelines to Defendant. Specifically, the agreement states that the government believed Defendant distributed between ten and thirty kilograms of methamphetamine, that Defendant was entitled to a three-level downward departure for accepting responsibility, and that the applicable sentencing guideline range would be between 151 and 188 months. The agreement further provides that Defendant was free to argue for an additional downward departure at sentencing. The parties included no language suggesting that the government would file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e).

At the change of plea hearing, before Defendant became bound by the plea agreement, the government clearly stated that it would not file a motion for downward

2

departure pursuant to U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e). Rec. Vol. IV at 8-9. However, the prosecutor stated that the government would "certainly be open to discussions along those lines" at a later time. Id. Subsequently, a DEA agent interviewed Defendant regarding his willingness to participate in the government's investigation against Will Smith. Defendant provided certain information to the agent which was later combined with other evidence to indict Smith. Defendant then filed a motion to compel the government to move for a substantial assistance downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The district court concluded that the government was not bound under the agreement to move for the downward departure and denied the motion.

The government has wide discretion in determining whether to move for a substantial assistance downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Indeed, our review of the government's decision not to move for a downward departure pursuant to § 5K1.1 is typically limited to determining whether the decision was based on an unconstitutional motive or was not rationally related to a legitimate government interest. See Wade v. United States, 504 U.S. 181, 185-86 (1992). Thus, even if a Defendant renders substantial assistance to the government, the government retains discretion to decide whether to move for a substantial assistance downward departure. United States v. Courtois, 1997 WL 763464 at *2 (10th Cir. 1997). The government may bargain away this discretion, however, in a plea agreement. Id.

3

We review whether the government breached the plea agreement *de novo*. United States v. Rockwell Intern. Corp., 124 F.3d 1194, 1199 (10th Cir. 1997). Guided by contract principles, we examine the nature of the prosecutor's promise based upon what Defendant reasonably understood when he entered into the plea agreement. Id. Whether the government is bound under a plea agreement to move for a substantial assistance downward departure turns on the specific language of the agreement. Courtois, 1997 WL 763464 at *2. In order to find that the government bargained away its discretion to file a motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), we have generally required an express promise by the government. Id. Thus, where the language of the plea agreement is equivocal and merely leaves open the possibility that the government may move for a substantial assistance downward departure in the future, the government does not breach the agreement by refusing to file the motion. Id.

Defendant contends that the government breached the plea agreement by refusing to file a motion asking the district court to depart downward pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. 3553(e). Specifically, Defendant argues that the government became bound under the plea agreement to file the motion when a DEA agent gained information from him which was later used to procure an indictment against Will Smith. We disagree.

The plea agreement before us contains no language indicating an express or implied duty on the government's part to file a motion for downward departure under either U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e). On the contrary, the agreement clearly

4

suggests that, aside from the government's acquiescence to a three-level departure pursuant to U.S.S.G. § 3E1.1, any arguments in favor of further downward departures rested with Defendant. Additionally, no statements made at the change of plea hearing or in the prosecutor's statement expressly bargained away the prosecutor's discretion to move for a substantial assistance downward departure. The prosecutor's statement clearly states that "at this point, [the government] does not intend to file a motion for downward departure pursuant to § 5K1.1 U.S.S.G. or 18 U.S.C. § 3553(e)." Rec. Vol. I, Tab 17 at 10. Moreover, the prosecutor's statement at the change of plea hearing that "[a]t some point in time we're certainly open to further discussions along those lines, but at this point . . . we're not prepared to file 5K1 [sic]. . .," Rec. Vol. IV at 8-9, suggests an intention to retain, not bargain away, its discretion.

Construing the plea agreement according to Defendant's <u>reasonable</u> understanding at the time he entered into it, we conclude that government did not breach the agreement by refusing to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

5