F I L E D
United States Court of Appeals
Tenth Circuit

FEB 1 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALBERT LEVY,

    Defendant-Appellant.

No. 98-4116

(D.C. No. 97-CR-0223-S)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

---

Defendant Albert Levy pled guilty to one count of transportation of a minor for

illegal sexual activity in violation of 18 U.S.C. § 2423(a). Pursuant to a Fed. R. Crim. P.

11(e)(1)(C) plea agreement, the district court sentenced Defendant to forty-one months in

prison. The court additionally imposed a three-year term of supervised release upon

Defendant. Defendant appeals, claiming the district court's imposition of a term of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

supervised release breached the plea agreement, and thus resulted in an illegal sentence. Our jurisdiction arises under 18 U.S.C. § 3742(a)(1). We affirm.

We review the alleged violation of the terms of a plea agreement de novo. United States v. Bunner, 134 F.2d 1000, 1003 (10th Cir.), cert. denied, 119 S. Ct. 81 (1998).[1] We review the district court's interpretation of the plea agreement, however, for clear error. United States v. Rockwell Int'l Corp., 124 F.3d 1194, 1199 (10th Cir. 1997), cert. denied, 118 S. Ct. 1559 (1998). While we give credence to the plain language of the plea agreement, we analyze the agreement based upon Defendant's reasonable understanding at the time he entered into the agreement. Bunner, 134 F.3d at 1003.

At his change of plea hearing, Defendant filed with the court a document entitled "Statement By Defendant In Advance of Plea Of Guilty." Paragraph two of that document states: "I [Defendant] understand that a term of supervised release will be added to any prison sentence imposed. If the supervised release term is violated, I can be returned to prison for the remainder of my sentence _and_ for the full length of the supervised release term." (emphasis in original) Paragraph thirteen of the document then states in relevant part that "[t]he only plea agreement which has been entered into with the government is: . . . (c) The government and the defendant agree to a sentence of 41

---

[1] Although Defendant did not object to the imposition of a term of supervised release in the district court, the failure to object to an alleged violation of a plea agreement does not waive the issue. United States v. Courtois, 131 F.3d 937, 938 n.2 (10th Cir. 1997).

months pursuant to Rule 11(e)(1)(C)." This is the only document filed with the court that set forth the terms of the plea agreement.

At the change of plea hearing, the court read each paragraph of the document into the record and asked Defendant if he understood. Defendant responded "yes, sir" after each paragraph. Finally, the court asked Defendant: "[Y]ou understand and agree to all of the above. You know you are free to change or delete anything contained in this statement, and you wish to make no changes because all of the statements are correct. Is that right?" Defendant responded: "That's correct, Your honor."

Given the foregoing, we have no difficulty concluding that at the time Defendant entered his guilty plea, Defendant reasonably understood he was subject to a term of supervised release under his plea agreement with the government. See Rockwell Int'l, 124 F. 3d at 1199. Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge


3