**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CALVIN J. CROCKLIN,

    Defendant-Appellant.

No. 98-3186

(D.C. No. 97-CR-10163)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

---

Pursuant to a plea agreement, Defendant Calvin J. Crocklin pled guilty to distribution of cocaine in violation of 18 U.S.C. § 841(a)(1), and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Defendant to consecutive terms of forty-one and sixty months imprisonment. On appeal, Defendant contests only his sentence, challenging the government's failure

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

to file a motion for a downward departure under U.S.S.G. § 5K1.1, based upon his cooperation with authorities. Our jurisdiction arises under 18 U.S.C. § 3742(a)(1). Our review is plenary. United States v. Courtois, 131 F.3d 937, 938 (10th Cir. 1997).

Section 5K1.1 of the Sentencing Guidelines permits a district court "[u]pon motion of the government" to depart downward from a guideline range if "the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." In exchange for Defendant's plea, the government in this case agreed–

> to advise the sentencing court, prior to sentencing, of the nature and extent of the cooperation provided by this defendant, by means of confidential memorandum. If it is determined, in the sole discretion of the United States Attorney's Office . . . that such cooperation meets the requirements of Section 5K1.1, the appropriate motion pursuant to that section . . . may be filed.

(emphasis added). When the government refused to move for a downward departure, Defendant objected, arguing that he had provided substantial assistance to the government, and that the government's refusal to file a motion under § 5K1.1 constituted bad faith. The district court overruled Defendant's objection, finding that the government had "cited a factual basis for its opinion that the assistance in this case was not beneficial enough to warrant a motion," and thus had not acted in bad faith. We agree with the district court's assessment. See United States v. Lee, 989 F.2d 377, 380 (10th Cir. 1993) (where defendant asserts breach of a plea agreement that leaves discretion to the government, district court's role is limited to deciding whether the

2

government acted in good faith).

Section 5K1.1 "gives the government a power, not a duty," to file a motion for downward departure when a defendant has rendered "substantial assistance." Wade v. United States, 504 U.S. 181, 185 (1982). Absent a plea agreement in which the government bargains away its discretion under § 5K1.1, a court's review of the government's decision not to move for a downward departure based on substantial assistance is limited to determining whether the decision was animated by an unconstitutional motive or was not rationally related to a legitimate government end. Courtois, 131 F.3d at 938. "Even if a defendant undeniably renders substantial assistance, the government retains discretion to decide whether to request a § 5K1.1 downward departure." Id. As the Supreme Court explained in Wade, the government's decision not to move for a downward departure need not necessarily be based on whether a defendant has rendered substantial assistance, but instead may turn "simply on its rational assessment of the cost and benefit that would flow from moving." 504 U.S. at 187.

The language of the plea agreement between Defendant and the government in this case indicates quite clearly that the government did not obligate itself to move for a § 5K1.1 downward departure based on Defendant's assistance. First, the plea agreement stated that the determination of whether Defendant rendered substantial assistance rested "in the sole discretion" of the government. Second, the agreement stated that if

3

Defendant qualified for a § 5K1.1 motion, the government "may" file such motion. Thus, the decision to file a § 5K1.1 motion rested solely with the government. The government had the same prosecutorial discretion under the plea agreement that it would have possessed absent a plea agreement. The language of the agreement merely left open the possibility of the § 5K1.1 motion, "expressly leaving the decision to file such a motion in the sole discretion of the government." Courtois, 131 F.2d at 939. "Congress wisely or unwisely left the matter of substantial assistance to the prosecutor, unless there's a formal agreement which would bind the prosecutor." United States v. Massey, 997 F.2d 823, 824 (10th Cir. 1993).

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge