F I L E D
United States Court of Appeals
Tenth Circuit

OCT 26 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PAUL WEBB,

Defendant-Appellant.

No. 99-5189
(D.C. No. 99-CR-5-C)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **McKAY** , and **PORFILIO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

In April 1999, appellant Paul Dean Webb pleaded guilty to a single

conspiracy count arising from his operation of a chop shop in violation of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

18 U.S.C. §2322. In this appeal, he challenges his sentence, urging that the government breached the plea agreement, and acted in bad faith, when it refused to file a motion for downward departure based on his substantial assistance. We affirm.

In May of 1998, Mr. Webb was charged in the Western District of Missouri with a single substantive count for his involvement in the chop shop operation. In pleading guilty to that charge, he agreed to testify against other potential co-defendants in Missouri and Oklahoma. The plea agreement left open the possibility that Mr. Webb would be charged with additional counts in other districts. Mr. Webb offered the same cooperation when he pleaded guilty to the conspiracy count in Oklahoma in 1999. Mr. Webb was never required to testify against any of the other co-defendants, however, as they all pleaded guilty.

In his plea agreement, Mr. Webb agreed to provide assistance to the government. As to that assistance, the agreement provides, in pertinent part,

> (c) If and when the assistance described in the preceding paragraphs has been completed, the United States acting in good faith in its sole discretion shall determine whether the defendant's assistance has been substantial. . . .Upon a determination that the defendant has rendered substantial assistance, the United States may move for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines . . . .
> The defendant understands the United States may determine the defendant has cooperated but the cooperation does not constitute substantial assistance.

Appellee's Resp. Br., Ex. A, at 10-11.

Mr. Webb maintains the government breached this agreement when it failed to move for the substantial assistance departure. Specifically, he argues it was bad faith to "lure [him] into confessing twice, once in Missouri, and once again in Oklahoma, by making repeated promises of a downward departure, and then both times, reneging on its promise . . . ." Appellant's Opening Br. at 9. We review Mr. Webb's claim that the agreement was breached de novo. *See United States v. Courtois*, 131 F.3d 937, 938 (10th Cir. 1997).

As a general matter, the government's submission of a motion "is an unequivocal condition precedent" to the district court's consideration of a downward departure under U.S.S.G. §5K.1. *United States v. Lee*, 989 F.2d 377, 379 (10th Cir. 1993)(quoting *United States v. Vargas*, 925 F.2d 1260, 1267 (10th Cir. 1991)). Where, as here, there is no motion, the district court's review of the government's refusal to seek departure is very limited.

The district court may review the decision only:

(1) "if the refusal violates an agreement with the government," *Lee*, 989 F.2d at 379; (2) if "the refusal was based on an unconstitutional motive [such as] the defendant's race or religion," *Wade v. United States*, 504 U.S. 181, 185-86 (1992); or (3) "in an egregious case . . . where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief." *United States v. Kuntz*, 908 F.2d 655, 657 (10th Cir. 1990) (additional quotation marks and citation omitted) (alteration in original).

*United States v. Cerrato-Reyes*, 176 F.3d 1253, 1264 (10th Cir. 1999). Defendant does not dispute that the plea agreement leaves the decision whether to seek a downward departure completely within the discretion of the government. Likewise, he does not claim a constitutionally improper motive prompted the government's decision. Rather, he claims he falls within the third category. That is, he argues his assistance was so substantial that the government's refusal to seek the departure must have been in bad faith.

Specifically, Mr. Webb maintains "he did everything he was asked to do" and that, in fact, his cooperation "caused [the other] trials to go away." R. Vol. V, at 7. He argues it was his cooperation which lead to his co-conspirators' plea agreements and that, as a result, the government's discretionary decision had to be in bad faith.

We reject this argument. First, the language of the plea agreement is clear. It leaves the discretion whether to file with the government. Defendant's offer to do more in the way of assistance, and his initial cooperation, cannot alter the effect of that language. *Cf. Courtois*, 131 F.3d at 939 (holding that, in absence of specific language dictating otherwise, plea agreement did not obligate government to give defendant opportunity to render substantial assistance). Mr. Webb asks us to insert a requirement into the plea which does not exist. We decline the invitation to do so. *See Cerrato-Reyes*, 176 F.3d at 1264 (rejecting a challenge to

the plea agreement where the government retained discretion, "in clear and unambiguous language," to determine whether the assistance was substantial).

Second, we find no evidence of bad faith in this record. To the contrary, although the government did not file a downward departure motion, it did ask the district court to take Mr. Webb's cooperation into consideration at sentencing. R. Vol. V, at 9. Defendant has not made a substantial showing of bad faith. *See generally Wade v. United States*, 504 U.S. 181, 186 (1992) (holding defendant had no right to an evidentiary hearing where he failed to show the downward departure decision was based on suspect motives).

Consequently, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge