UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KENNETH LEONARD FORREST, a/k/a
Fuski,

*Defendant-Appellant.*

No. 02-4808

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Sol Blatt, Jr., Senior District Judge.
(CR-00-263)

Submitted: May 27, 2003

Decided: June 17, 2003

Before MICHAEL, KING, and GREGORY, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

## COUNSEL

Melisa W. Gay, GAY & ASSOCIATES, P.C., Mt. Pleasant, South Carolina, for Appellant. J. Strom Thurmond, United States Attorney, Nancy C. Wicker, Assistant United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Kenneth Leonard Forrest pled guilty to conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, 21 U.S.C. § 846 (2000), and was sentenced to 425 months imprisonment. He appeals his sentence, contending that the district court made inadequate findings to support an adjustment for obstruction of justice, *U.S. Sentencing Guidelines Manual* § 3C1.1 (2001), erred in refusing to require the government to move for a substantial assistance departure under the terms of the plea agreement, and erred when it decided not to depart below the guideline range pursuant to USSG § 4A1.3, p.s. We affirm in part and dismiss in part.

The charged conspiracy involved twenty-one defendants who distributed crack between 1996 and 2001 in the Hilton Head and Bluffton areas of South Carolina. In a proffer made before he entered into a plea agreement, Forrest stated that from 1996 to 1998 he sold a large quantity of cocaine powder to Sabra* Robinson, who then distributed the cocaine as both powder and crack through a number of subordinates including Jermaine Robinson, Forrest's cousin, and Tyrone Robinson. Forrest stated that Jermaine lived in a trailer with Sabra and sold cocaine and crack for Sabra. He also said that Tyrone Robinson sold cocaine and crack for Sabra.

Forrest's plea agreement provided that, if he gave truthful cooperation and the government deemed that his cooperation resulted in "substantial assistance in the investigation or prosecution of another person," the government would move for a downward departure pursuant to USSG § 5K1.1, p.s.

---

*Also spelled "Saber" and "Sabre."

However, after Forrest's guilty plea, in interviews before the August 2001 trial of nine other defendants, including the Robinsons, Forrest denied making his previous statements about Jermaine and Tyrone. After Forrest failed a polygraph examination in which he was questioned about Jermaine's and Tyrone's involvement, the government decided not to call him as a witness at trial. After the trial began, Forrest's attorney sent a letter to the government attorneys stating that Forrest had realized that he was "wrong to hold back information about Jermaine," and that he was willing to testify at trial. Lacking other hard evidence against Jermaine and Tyrone, the government interviewed Forrest again briefly and called him to testify. In his testimony, Forrest denied having first-hand knowledge that Jermaine was involved with crack distribution and denied having "any crack dealings" with Tyrone. He also was forced to admit that he had previously lied to the government to protect Jermaine, which detracted from his credibility as a witness. Both Jermaine and Tyrone were acquitted; the other seven defendants were convicted. After the trial concluded, the government scheduled another polygraph examination to inquire into Forrest's knowledge of Tyrone's drug activities. Before the test was given, Forrest admitted that he had seen Sabra give Tyrone one ounce of crack in 1997 and had personally given Tyrone small amounts of crack several times.

At sentencing, the district court determined that Forrest obstructed justice after his guilty plea by being completely untruthful with respect to Tyrone and by telling only part of the truth with respect to Jermaine. The court declined to compel a motion for a substantial assistance departure, finding that the government had "ample grounds" for not requesting a departure and that Forrest had not shown that the government acted from any unconstitutional motive. Finally, the court refused to depart pursuant to § 4A1.3 or any of the other grounds urged by Forrest.

On appeal, Forrest argues that the district court made inadequate findings to support the adjustment for obstruction of justice. The district court's factual findings with respect to an obstruction of justice adjustment are reviewed for clear error; legal conclusions are reviewed de novo. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002). Forrest contends, first, that the district court's findings concerning his trial testimony were unclear because the court failed to

make the findings required for an adjustment under § 3C1.1 based on perjury. *See United States v. Dunnigan*, 507 U.S. 87, 95 (1993) (holding that district court must find that defendant willfully testified falsely about a material matter before making adjustment based on perjury). To the extent that the district court based the adjustment on perjured trial testimony, we are satisfied that its findings encompassed all the factual predicates for perjury. *See United States v. Akinkoye*, 185 F.3d 192, 205 (4th Cir. 1999). However, the court found that, during the government's preparation for trial, as well as at trial, Forrest willfully withheld information that he had previously provided about the involvement of Jermaine and Tyrone within the crack conspiracy and that his conduct impeded their prosecution. The facts supporting the court's conclusion were well-known to the parties and were set out at length in the presentence report and the government's sentencing memorandum which explained why it would not move for a § 5K1.1 departure. The court summarized the facts briefly in finding that Forrest had withheld all he knew firsthand about Tyrone's drug activity and much of what he knew about Jermaine's connection with crack.

Forrest also argues that his conduct did not obstruct the prosecution of the "instant offense;" however, Application Note 1 to § 3C1.1 currently specifies that the adjustment applies to obstructive conduct that occurs during the prosecution of a "closely related case, such as that of a co-defendant." We conclude that the district court did not clearly err in finding that Forrest obstructed the prosecution of Jermaine and Tyrone Robinson and that the court's conclusions and reasoning were adequately explained to the parties at sentencing and were sufficient to permit review of its ruling.

Next, Forrest contends that the government breached the plea agreement when it refused to move for a substantial assistance departure and that the district court erred by failing to compel a departure motion. When a defendant alleges a breach of this nature, the sentencing court may determine whether the government has "bargained away its § 5K1.1 discretion" to determine whether the defendant has rendered substantial assistance. *United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000); *United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991). If so, the district court must evaluate the strength of the defendant's assistance and decide whether a departure motion is

due under the agreement. *Id.* However, this court held in *Snow* that any waiver of the government's discretion must be explicit, not implied, in the language of the agreement. 234 F.3d at 190. Forrest relies on contrary decisions from other circuits which are not binding on this court. *See, e.g.*, *United States v. Courtois*, 131 F.3d 937, 938-39 (10th Cir. 1997) (holding that government may waive § 5K1.1 discretion by failing to state that it retains discretion to evaluate defendant's assistance).

Moreover, in Forrest's plea agreement, the government explicitly retained its discretion to evaluate Forrest's assistance under the terms of the plea agreement by promising to move for a § 5K1.1 departure if Forrest's cooperation "is deemed by the Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person. . . ." Having deemed that Forrest did not provide substantial assistance, the government did not breach the plea agreement by refusing to move for a downward departure for that reason.

When the government has not waived its § 5K1.1 discretion, the district court may review the government's decision not to move for a departure only on the grounds of bad faith or unconstitutional motive. *Snow*, 234 F.3d at 190. A defendant may be entitled to relief on this ground "if the prosecutor's refusal to move was not rationally related to any legitimate Government end." *Wade v. United States*, 504 U.S. 181, 186 (1992). Forrest alleges as he did in the district court that the government's decision was made in bad faith in that it conditioned Forrest's substantial assistance on the outcome of the trial. Given that the district court found that he had withheld information concerning Tyrone and Jermaine during the government's preparation for trial and in his trial testimony, the district court did not err in refusing to compel the departure motion.

Finally, Forrest argues that the district court committed reversible error by denying his request for a downward departure based on his assertion that criminal history category VI overstated his prior criminal conduct. A district court's decision not to depart below the guideline range is not reviewable on appeal unless it is based on a mistaken belief that the court lacks authority to depart. *United States v. Carr*,

271 F.3d 172, 176-77 (4th Cir. 2001). In this case, we conclude that the court understood its authority to depart.

We therefore affirm the sentence, but dismiss that portion of the appeal that contests the district court's decision not to depart pursuant to § 4A1.3. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*