**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

        v.

FREDERICK ALLEN THOMPSON,
a/k/a Freddie Allen Thompson,

        Defendant - Appellant.

No. 00-7028

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. 98-CR-68-S)**

---

Vicki Mandell-King, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defendant, with her on the briefs), Denver, Colorado, appearing for Appellant.

Dennis Fries, Assistant United States Attorney (Bruce Green, United States Attorney, with him on the brief), Muskogee, Oklahoma, appearing for Appellee.

---

Before **TACHA**, Chief Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

---

**TACHA**, Chief Judge.

---

        Appellant Frederick Thompson appeals his conviction for distribution of crack cocaine.  Mr. Thompson alleges (1) that the government breached its plea

agreement with him; and (2) that the federal indictment filed against him and the sentence he received were in violation of the rule introduced by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

On November 21, 1994, the federal government filed a complaint against Mr. Thompson charging him with distribution of crack cocaine on August 4, 1994. Mr. Thompson subsequently entered into a plea agreement with the government wherein he agreed to plead guilty to the same charge in Oklahoma state court and receive a ten-year sentence in exchange for his cooperation with federal authorities. Though the agreement was not in writing, there is no dispute between the parties as to the content of the agreement. Further, it is not disputed that Mr. Thompson did indeed cooperate fully with federal authorities. Pursuant to the plea arrangement, on January 3, 1995, the government dismissed its complaint against Mr. Thompson.

On October 21, 1998, the State of Oklahoma filed a criminal information against Mr. Thompson alleging the criminal activity of August 4, 1994. In November, Mr. Thompson filed a motion to dismiss the state charge due to the expiration of Oklahoma's three-year statute of limitations. In response,

Oklahoma prosecutors voluntarily dismissed the charges. Then, on November 17, 1998, the federal government filed an indictment against him charging the criminal activity of August 4, 1994. The indictment failed to specify the quantity of crack cocaine as an element of the offenses charged. Mr. Thompson filed a motion to dismiss based on the plea agreement previously entered into between Mr. Thompson and the federal government.[1] The district court denied the motion holding that, because Mr. Thompson had failed to plead guilty in state court to the charges, he had violated the agreement, and therefore, the government was no longer obligated by the terms of the plea. After a trial, Mr. Thompson was found guilty and sentenced by the court to 121 months imprisonment and 60 months supervised release. This appeal followed.

## II. Analysis

### A. Plea Agreement

Whether a plea agreement has been violated is a question of law we review

---

[1] Mr. Thompson's motion to dismiss was technically based on an allegation of vindictive prosecution. However, because its underlying rationale was the government's alleged breach of the plea agreement and because the district court ruled on the motion as if it were a motion to dismiss for breach of the plea agreement, we too will treat Mr. Thompson's motion as a motion to dismiss for breach of the plea agreement. Moreover, the "[f]ailure to properly object to breach of a plea agreement at a sentencing hearing ordinarily does not waive the objection." United States v. Shorteeth, 887 F.2d 253, 255 (10th Cir. 1989).

de novo. United States v. Bunner, 134 F.3d 1000, 1003 (10th Cir. 1998); United States v. Courtois, 131 F.3d 937, 938 (10th Cir. 1997). We will apply accepted principles of contract law to determine whether one party or the other has violated a plea agreement. United States v. Veri, 108 F.3d 1311, 1313 (10th Cir. 1997). The government argues that the district court was correct to conclude that the re-charging of Mr. Thompson in violation of its earlier promise was excused by Mr. Thompson's refusal to plead guilty to charges in state court. To determine whether the government's action constituted a breach of the plea agreement, we apply a two-step analysis: "(1) we examine the nature of the government's promise; and (2) we evaluate this promise in light of the defendant's reasonable understanding of the promise at the time [of the agreement]." United States v. Brye, 146 F.3d 1207, 1210 (10th Cir. 1998).

In this case, the government essentially promised to not charge Mr. Thompson in federal court if he would plead guilty to charges based on the same offense in Oklahoma state court. Oklahoma has in place a three-year statute of limitations for charging such crimes. Statutes of limitation serve an important public interest in encouraging prompt resolution of charges and in eliminating stale claims. Toussie v. United States, 397 U.S. 112, 114-15 (1970). The federal government was either actively or constructively aware of the Oklahoma statute of limitations and the public interests it serves. There is no reasonable

understanding of the government's promise that would impose upon Mr. Thompson an obligation to stand ready to plead guilty in state court in perpetuity. Rather, Mr. Thompson's reasonable understanding of the government's promise was that he would be required to plead guilty to the charges any time within the three-year statute of limitations. See, e.g., Bunner, 134 F.2d at 1004 (defendant could not have reasonably understood his guilty plea to require him to forego his right to challenge his sentence at a later date due to a change in the law).

Even though we conclude that the plea agreement did not require Mr. Thompson to waive his statute of limitations defense, we will not construe the language of a plea agreement "so literally that the purpose of the plea agreement is frustrated." Id. at 1003. "When two parties enter into a contract, each has an object or purpose for which he joins the transaction." Id. at 1004. The government's purpose in this instance was to obtain a conviction against Mr. Thompson and a sentence of ten years for his conduct on August 4, 1994. In Bunner we held, in the context of a plea agreement, that where a supervening event renders one party's performance "virtually worthless to the other . . . the aggrieved party is discharged from performing under the doctrine of frustration of purpose." Id. In order for the frustration of purpose doctrine to apply, the non-occurrence of the supervening event must have been a basic assumption of the agreement. Id.

In this case, the government's fundamental purpose in entering into the plea agreement was frustrated by a supervening event (the failure of the Oklahoma prosecutors to charge Mr. Thompson within the statute of limitations), the non-occurrence of which was a basic assumption of the plea agreement. Moreover, the failure of the Oklahoma prosecutors to timely charge Mr. Thompson cannot be fairly said to be the fault of the federal government. Thus, the parties are returned as a matter of law to the positions they occupied before the plea agreement and are no longer bound by it. Accordingly, we hold that the government did not violate the plea agreement.

### B. Apprendi

We review de novo challenges to the sufficiency of an indictment, United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997), and the legal question of whether Apprendi was violated by Mr. Thompson's sentence, United States v. Pacheco-Zepeda, — F.3d —, 2000 WL 1781662, at *1 (9th Cir. Dec. 6, 2000). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63. There is no dispute in this case that the indictment alleged, and the jury found beyond a reasonable doubt, that Mr.

Thompson committed a crime by distributing cocaine base. The only alleged failure of the indictment is in the absence of a specific drug amount charged.

The statutes Mr. Thompson was charged with violating, 21 U.S.C. § 841(a) and 21 U.S.C. § 846, do not require as an element of the offense a specific quantity of drugs. Pursuant to 21 U.S.C. § 841(b)(1)(C), Mr. Thompson was subject to a sentence of from zero to twenty years for a violation of these statutes regardless of the amount of crack cocaine involved. United States v. Jones, — F.3d —, 2000 WL 1854077, at *1 (10th Cir. Dec. 19, 2000). Mr. Thompson argues that a criminal conviction cannot be upheld if the indictment does not set forth the essential elements of the offense. See United States v. Brown, 955 F.2d 1493, 1505 (10th Cir. 1993). However, in this case, Mr. Thompson was sentenced to 121 months, well within the range contemplated by 21 U.S.C. § 841(b)(1)(C). Thus, because the indictment set forth all the necessary elements of a crime as defined by 21 U.S.C. § 841(a) and 21 U.S.C. § 846, and because the minimum statutory range (within which Mr. Thompson was sentenced) does not specify a drug amount, neither the indictment nor the conviction was defective. We held in Jones that "[a] district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C. § 841(b)(1)(C) unless the benchmark quantity of cocaine base for an enhanced penalty is alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable doubt."

2000 WL 1854077, at *5. Conversely, where the sentence is fully supported, as it is in this case, by allegations in the indictment which are subsequently proven beyond a reasonable doubt, there can be no violation of Apprendi.

Accordingly, we find that the indictment was legally sufficient and that Mr. Thompson's sentence, because it falls within the minimum statutory range set forth in 21 U.S.C. § 841(b)(1)(C), is supported by the facts alleged and proven. In so doing, we join several of our sister circuits, which have made similar findings. For example, the Fifth Circuit has held that where a defendant is charged under 21 U.S.C. § 841(a), found guilty beyond a reasonable doubt, and sentenced within the minimum statutory range of 0-20 years, there is no Apprendi violation for a failure to charge and prove the amount of drugs involved. Further, the court held that, where a non-jury factual determination is used to enhance a sentence within the minimum statutory range, Apprendi is not violated. United States v. Meshack, 225 F.3d 556, 576 (5th Cir. 2000); accord United States v. Hernandez-Guardado, 228 F.3d 1017, 1027 (9th Cir. 2000) (holding that a fact enhancing a defendant's sentence within a minimum statutory range does not trigger Apprendi and need not be decided by a jury applying the reasonable doubt standard); United States v. Corrado, 227 F.3d 528, 542 (6th Cir. 2000) (same); United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000) (holding that it is not a violation of Apprendi for a judge-found fact to alter a

defendant's sentence for violating 21 U.S.C. § 841(a) so long as that alteration remains within the minimum statutory range established by 21 U.S.C. § 841(b)(1)(C)).

Mr. Thompson, however, argues that even though Apprendi may not be triggered by his sentence because it is within the minimum statutory range, Apprendi is triggered by the concurrent five-year terms of supervised release Mr. Thompson received. We are not convinced. The five-year terms of supervised release were, once again, within the minimum statutory range. 21 U.S.C. § 841(b)(1)(C) provides for a minimum of three years supervised release, and consistent with this, the sentencing guidelines authorize a term of not less than three years and not more than five years. USSG § 5D1.2. Therefore, because the five-year supervised release terms are within the minimum statutory range, Apprendi is not violated.

### III. Conclusion

Because the government did not receive the benefit of its bargain, we hold that the plea agreement's purpose was frustrated and its terms not binding on the government. Further, we find that neither the indictment nor the sentence in this case violated the Supreme Court's decision in Apprendi. Accordingly, we AFFIRM.