F I L E D
United States Court of Appeals
Tenth Circuit

NOV 20 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NORMAN WESLEY QUARLES,

Defendant-Appellant.

No. 01-3001
(D.C. No. 00-3382-RDR)
(Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Norman Quarles was convicted on one count of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 and eight counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a). He received a mandatory minimum sentence of twenty years on the conspiracy conviction and

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

twenty years on the distribution charges, with the sentences to run concurrently. After his convictions were affirmed on direct appeal, *see United States v. Quarles*, No. 99-3007, 1999 WL 999738 (10th Cir. Nov. 4, 1999), he brought this pro se motion under 28 U.S.C. § 2255, alleging that (1) he received ineffective assistance of counsel, (2) his indictment contained multiplicitous counts, and (3) he was sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied relief. Mr. Quarles appeals and seeks a certificate of appealability. We deny the application for a certificate of appealability and dismiss the appeal.

In order to establish that he was deprived of the effective assistance of counsel, Mr. Quarles must show that his counsel's performance was objectively unreasonable, and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, Mr. Quarles must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In ruling on Mr. Quarles' ineffective assistance claim, the district court, which was also the trial court, observed that it had an excellent recollection of the case and had, in addition, reviewed the trial transcript. Rec., vol. I, doc. 116 at 8.

The court found that Mr. Quarles "was ably represented by counsel. Defense counsel was well-prepared and did an effective job in a difficult case. He was confronted with circumstances that were formidable. The evidence concerning the defendant's participation in the activities charged in the indictment was overwhelming." *Id.*

On appeal, Mr. Quarles contends his counsel was ineffective in failing to call a list of witnesses provided by Mr. Quarles. As the district court pointed out, Mr. Quarles does not describe who these witnesses are, what their testimony would have been, or how their absence prejudiced his defense. Mr. Quarles also contends that his counsel was ineffective in calling a confidential informant to the stand to bolster an entrapment defense. We agree with the district court that the use of this defense and witness were matters of trial strategy that do not rise to the level of ineffective assistance. *See Strickland*, 466 U.S. at 690-91. Finally, Mr. Quarles asserts on appeal that his counsel was ineffective in failing to address the lack of evidence of his participation in the charged conspiracy. Mr. Quarles raised sufficiency of the evidence on direct appeal, however, and this court held the evidence sufficient for a jury to find beyond a reasonable doubt that he was guilty of the charged conspiracy. *See Quarles*, 1999 WL 999738, at **2. His claim of ineffective assistance in this regard is thus without merit.

Mr. Quarles contends his indictment was multiplicitous because it charged him both with conspiracy to possess with intent to distribute crack cocaine and with eight substantive counts of distribution of crack cocaine which were also the basis for the conspiracy count. As we explained in *United States v. Johnson*, 977 F.2d 1360, 1371 (10th Cir. 1992), multiple convictions covering the same criminal conduct are permissible when Congress intended multiple convictions under the relevant statutes. We held that "Congress intended to allow imposition of separate sentences for a conspiracy conviction under 21 U.S.C. § 846 and for the substantive drug offenses that form the object of the conspiracy." *Id.*; *see also United States v. Wood*, 57 F.3d 913, 920 n.3 (10th Cir. 1995).

Finally, we turn to Mr. Quarles' argument that the trial court erred in failing to submit the amount of drugs in each count to the jury as an element of the offense. After Mr. Quarles' conviction was affirmed on direct appeal, the Supreme Court ruled in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Mr. Quarles claims he was sentenced in violation of *Apprendi* because his sentences were based on drug amounts which should have been

submitted to the jury.[1]  This argument fails.

*Apprendi* is not applicable to the facts of this case.  The Court in *Apprendi* specifically limited its holding to those facts that "increase[] the penalty for a crime beyond the prescribed statutory maximum."  530 U.S. at 490.  After *Apprendi*, a sentence is still valid, even if the drug quantity is not proven to a jury, when the sentence imposed does not exceed the statutory maximum sentence allowed under 21 U.S.C. § 841(b)(1)(C) for any quantity of schedule I or II drugs without reference to the amount of the drug charged.  *See United States v. Thompson*, 237 F.3d 1258, 1262 (10th Cir. 2001) (drug quantity not necessary in indictment or as jury finding where sentence fell within statutory maximum for "any quantity" under section 841(b)(1)(C)); *see also United States v. Wilson*, 244 F.3d 1208, 1214-16 (10th Cir. 2001) (same).

Under section 841(b)(1)(C), a defendant like Mr. Quarles, who has a prior drug felony conviction, must be sentenced to a term of imprisonment of not more than thirty years.  Mr. Quarles was convicted of conspiracy to possess with intent to distribute drugs under 21 U.S.C. § 846 and sentenced to twenty years.[2]

---

[1] On appeal, Mr. Quarles argues for the first time that the question of his prior conviction should have been submitted to the jury under *Apprendi* as well.  However, *Apprendi* expressly exempts the fact of a prior conviction from its holding.  *See* 530 U.S. at 490 (emphasis added).

[2] A person convicted of a drug conspiracy under 21 U.S.C. § 846 is subject to the same penalties as those prescribed for the substantive offense that was the object of the conspiracy, in this case the penalties set out in 21 U.S.C. § 841(b).

Because this sentence does not exceed the maximum thirty-year sentence set out in section 841(b)(1)(C), *Apprendi* does not require the amount of drugs underlying that charge to be proven to a jury at trial. *See Thompson*, 237 F.3d at 1262 (defendant convicted of conspiracy under section 846 as well as drug charges). Similarly, Mr. Quarles' twenty-year concurrent sentences on the eight substantive counts of distributing cocaine base in violation of section 841(a) fall within the maximum thirty-year sentence set out in section 841(b)(1)(C). *Apprendi* thus does not require the amounts at issue in those counts to be submitted to a jury for proof beyond a reasonable doubt. *See id.* Because Mr. Quarles' sentences do not exceed the statutory maximum sentence on a drug offense for which no quantity need be proven, his claim under *Apprendi* is without merit.

In order to be granted a certificate of appealability, Mr. Quarles must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). As discussed above, he has failed to do so. We therefore **DENY** Mr. Quarles' request for a certificate of appealability and **DISMISS** his appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge