F I L E D
United States Court of Appeals
Tenth Circuit

MAR 5 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

PETER RATZLAFF,

  Defendant - Appellant.

No. 01-2255

(D.C. No. CIV-01-583-JP/LFG)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

  Peter Ratzlaff, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his motion to vacate, set

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aside, or correct sentence under 28 U.S.C. § 2255. Because he has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

Ratzlaff entered into a plea agreement in 1997 whereby he pled guilty to Count I of an indictment, which charged that Ratzlaff and others

> did unlawfully, willfully, knowingly and intentionally combine, conspire, confederate and agree together and with each other and with other persons whose names are known and unknown to the grand jury to commit the following offenses against the United States, to wit: to possess ephedrine with intent to manufacture, to manufacture, and to possess with intent to distribute in excess of one (1) kilogram of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II Controlled Substance.
> In violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

Indictment at 2. Pursuant to the plea agreement, Ratzlaff was sentenced to a term of imprisonment of 120 months under 21 U.S.C. § 841(b)(1)(C).

In his § 2255 motion, Ratzlaff alleged that his sentence should be reduced in accordance with Apprendi v. New Jersey, 530 U.S. 466 (2000), because he was sentenced under the wrong provision. Ratzlaff argued that he pled guilty to possession of ephedrine, a listed chemical, but that neither the charge nor his plea agreement alleged a quantity of ephedrine. He also argued his sentence was illegally enhanced and that he should have been sentenced under 21 U.S.C. § 841(d)(2). At the time of sentencing, § 841(d)(2) provided that a person who knowingly or intentionally possessed a listed chemical with intent to manufacture a controlled substance shall, in the case of ephedrine (a list I

2

chemical), be sentenced to a term not to exceed ten years. 21 U.S.C. § 841(d)(2) (1997). The district court determined that Ratzlaff's sentence was less than the statutory maximum under § 841(b)(1)(C) and therefore Apprendi did not apply. Ratzlaff filed a motion to alter or amend, which the district court construed as a motion under Federal Rule of Civil Procedure 60(b) because it was filed more than ten days after judgment was entered. In denying the motion, the court determined that Count I of the indictment clearly charged Ratzlaff with conspiracy to manufacture, and to possess with intent to distribute, more than a kilogram of a mixture containing methamphetamine, and that his sentence was lower than the statutory maximum allowed under § 841(b)(1)(C) for that crime.

Although not clearly stated, the indictment did charge Ratzlaff with conspiracy to manufacture and conspiracy to possess with intent to distribute in excess of one kilogram of a mixture containing methamphetamine rather than conspiracy to possess ephedrine with intent to manufacture methamphetamine. The plea agreement entered into by Ratzlaff reflects this understanding in that it specifies that the penalty for the offense is imprisonment for a period of not less than ten years nor more than life. Therefore, the district court was correct in applying § 841(b)(1)(C) when it imposed Ratzlaff's sentence. Because Ratzlaff's sentence is less than the maximum sentence under § 841(b)(1)(C), Apprendi is not implicated. See United States v. Thompson, 237 F. 3d 1258, 1261-62 (10th Cir. 2001); United States v. Hishaw, 235 F.3d 565, 577 (10th Cir. 2000). Further,

even if we did agree that the proper sentencing provision was § 841(d)(1), as argued by Ratzlaff, the sentence he received as the result of his plea agreement is not greater than the ten-year maximum sentence allowed and <u>Apprendi</u> still would not be implicated.

Ratzlaff's request for a certificate of appealability is DENIED and the appeal is DISMISSED. The motion to proceed on appeal in forma pauperis is DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge