**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACK HENRY STOUT,

    Defendant - Appellant.

No. 01-6246
(D.C. Nos. 01-CV-538-T,
94-CR-155-T)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

Jack Henry Stout, appearing pro se, seeks a certificate of appealability

("COA") pursuant to 28 U.S.C. § 2253(c), to challenge the district court's

dismissal of his petition for a writ of habeas corpus as time-barred under 28

U.S.C. § 2255. We conclude that Stout has not demonstrated extraordinary

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

circumstances warranting equitable tolling of the period of limitation and, accordingly, we deny a COA.

On September 25, 1995, Stout was sentenced to ten years imprisonment after pleading guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. He did not file a motion to withdraw his guilty plea or appeal his sentence. On April 3, 2001, Stout filed a writ of habeas corpus in federal district court that was denied on June 15, 2001, as time-barred. Stout appealed.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prisoners generally have one year from the date on which their convictions become final to file a motion for federal habeas corpus relief. 28 U.S.C. § 2255. Because Stout's conviction became final prior to the enactment of AEDPA, he had one year from AEDPA's enactment—or until April 24, 1997—to file his § 2255 motion. United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). However, Stout contends that the period of limitation should not have commenced running until June 26, 2000, the date the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000). Section 2255 states that the one-year period of limitation shall not begin running until the date of the occurrence of the latest of four events, one of which is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Stout contends that because his case is fraught with Apprendi error his period of limitation should not expire until June 26, 2001, and therefore his April 3, 2001, habeas petition is timely.

According to Stout, his indictment suffered from fatal Apprendi error because it lacked a specific reference to 21 U.S.C. § 841(b), which establishes penalties for conspiracy to distribute methamphetamine. However, reversible Apprendi error arises only when the defendant is sentenced beyond the maximum statutory sentence. United States v. Thompson, 237 F.3d 1258, 1262 (10th Cir. 2001); see also United States v. Hishaw, 235 F.3d 565, 576–77 (10th Cir. 2000). Stout's claim fails because his ten-year sentence did not exceed the statutory maximum sentence of twenty years for a violation of 21 U.S.C. § 846. Therefore, Stout's period of limitation began when his conviction became final.

The AEDPA period of limitation is not jurisdictional and "may be subject to equitable tolling" in extraordinary circumstances. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also United States v. Willis, 202 F.3d 1279 (10th Cir. 2000) (applying the equitable–tolling reasoning of Miller to § 2255 petitions). Stout has not alleged circumstances warranting equitable tolling. Therefore we conclude that equitable tolling is inapplicable and that Stout's habeas application is time-barred.

Stout's application for a COA is **DENIED**, and the appeal is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge