**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 14 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

HENRY S. RAMIREZ,

  Defendant - Appellant.

No. 00-8080
(D.C. No. 00-CR-70-04-B)
(D. Wyoming)

---

**ORDER AND JUDGMENT**   *

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

  We abated this case pending the Supreme Court's decision in   Harris v.

United States , 122 S. Ct. 2406 (2002). The Court has now issued that decision,

and thus, we proceed to resolve this appeal.

  A one-count indictment charged that Henry S. Ramirez conspired to possess

methamphetamine with the intent to distribute it, a violation of 21 U.S.C.

---

\*  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§§ 841(a) and 846.  One of six co-conspirators named in the indictment, Ramirez pleaded guilty to the charge without benefit of a plea agreement.  For purposes of calculating relevant conduct under the sentencing guidelines, the district court, at the sentencing hearing, attributed twenty pounds of methamphetamine to him. See U.S.S.G. § 1B1.3 (1998).

In this appeal, Ramirez claims that the district court unconstitutionally denied him the right to confront adverse witnesses at his sentencing hearing.  He further challenges the accuracy of the court's fact-finding at sentencing, as well as its refusal to apply the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000), to findings that triggered a mandatory minimum sentence.  Ramirez's primary claim, however, evades facile description.

As an initial matter, Ramirez states that he "pled guilty only to possessing six pounds" of methamphetamine.  Consequently, he appears to argue, the rule announced in Apprendi precluded the district court from sentencing him based on a finding that he was responsible, not for six pounds of methamphetamine, but twenty.  He claims that Apprendi requires—in all instances—that a drug quantity, beyond what a defendant is willing to admit, be charged in an indictment, submitted to a jury and proven beyond a reasonable doubt.  We tackle Ramirez's Apprendi claim first.

# I

In Apprendi , the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. This holding stops short of the interpretation Ramirez urges. Apprendi did not do away with sentencing factors, nor strip courts of the ability to find them. To the contrary, it expressly recognized that "judges in this country have long exercised discretion . . . in imposing sentence within statutory limits in the individual case." Id. at 481. It also specifically preserved the holding announced in McMillan v. Pennsylvania , 477 U.S. 79 (1986), which allows a sentencing judge to find facts triggering a mandatory minimum and to do so by only a preponderance of the evidence. Apprendi , 530 U.S. at 487 n.13. It made clear that the rule it prescribed does not constrain sentencing decisions made under the sentencing guidelines, that is, because fact-finding pursuant to the guidelines sets a sentence within the statutory range—not outside it— Apprendi does not apply. See id. at 494 n.19 & 497 n.21. Apprendi 's principles are not implicated unless a judge-decided fact actually increases the defendant's sentence beyond the maximum penalty for the offense of conviction. United States v. Wilson , 244 F.3d 1208, 1215–16 (10th Cir.), cert. denied , 121 S. Ct. 2619 and 122 S. Ct. 186 (2001).

The circumscribed reach of Apprendi leaves the primary federal drug statute, 21 U.S.C. § 841, largely unaffected. That code provision is divided into two general parts. Subsection (a), entitled "Unlawful acts," describes the prohibited conduct and the mental state required for a drug offense. It is unlawful under this section of the statute to "knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance." 21 U.S.C. § 841(a)(1). It is to this offense that Ramirez pleaded guilty; he did not despite his insistence, plead guilty to possessing "six pounds of methamphetamine."

Subsection (b) of the statute, entitled "Penalties," comprises the second part of § 841. It states that "any person who violates subsection (a) of this section shall be sentenced as follows." 21 U.S.C. § 841(b). What follows are the statute's mandatory sentencing provisions, which vary depending on the amount and type of drug involved. Under the catch-all sentencing provision contained in § 841(b)(1)(C), the maximum penalty for a violation of § 841 where no specific drug quantity is alleged, is twenty years in prison. Subsections 841(b)(1)(A) and (B) increase that maximum to life and to forty years, respectively, if particular quantities of various drugs are "involved." Under Apprendi, the drug quantities necessary to trigger these enhanced sentences would either have to be stipulated by the defendant or charged in an indictment and proved to a jury beyond a

-4-

reasonable doubt; otherwise no sentence beyond twenty years could be imposed. United States v. Thompson, 237 F.3d 1258, 1262 (10th Cir.), cert. denied, 121 S. Ct. 1637 (2001).

With this foundation, a simple answer emerges to Ramirez's Apprendi claim. Because his sentence fell below the twenty-year limit of § 841(b)(1)(C), drug quantity never was an element of his offense and never became so under Apprendi. See Wilson, 244 F.3d at 1215 n.4 (" Apprendi is not violated if a defendant's sentence falls within the twenty-year maximum sentence of 21 U.S.C. § 841(b((1)(C)"). Ramirez's crime was to perform an act prohibited by § 841: possessing methamphetamine with an intent to distribute it. Both before and after Apprendi, this allegation charges a complete federal crime, without any reference to drug quantity or type. Granted, Apprendi affects the maximum penalty available for such a violation, depending on how drug quantity was handled in the indictment, plea, or trial phases of the prosecution, but even if quantity is omitted entirely from all phases of the trial, a conviction is still valid under Apprendi so long as the defendant is sentenced to twenty or fewer years. Thompson, 237 F.3d at 1262 (citing cases concluding that Apprendi is not violated if a defendant's sentence falls within the twenty-year maximum sentence, regardless of whether the indictment charged and the jury considered drug quantity). Therefore, Ramirez's primary claim must fail.

## II

Ramirez also asserts that the sentencing court committed error under McMillan . Pointing to the multi-factor test set out in that case for distinguishing sentencing factors from elements of an offense, he claims that the district court failed to recognize that drug quantity is an element of his offense. This claim, too, is affected by Apprendi , which held: "We do not overrule McMillan . We limit its holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict. . . ." Id. at 487 n.13; see also Harris , 122 S. Ct. at 2420 (reaffirming McMillan ). Applying our pre- Apprendi precedent because drug quantity was not used to increase Ramirez's prescribed maximum sentence, we hold that drug quantity acted merely as a sentencing factor in this case, and not an element of the offense. See United States v. Jenkins , 866 F.2d 331, 334 (10th Cir. 1989).

## III

Finally, Ramirez raises several claims aimed at specific procedures employed by or rulings made by the district court at sentencing.

## A

Ramirez contends that there is no evidence in the record to sustain the court's finding that he is accountable for twenty pounds of methamphetamine. The court made this finding to calculate Ramirez's relevant conduct under the

federal sentencing guidelines. We conclude that ample evidence supports the district court's finding.

Ramirez's evidentiary objection appears to rest on a mistaken belief that all factual disputes at sentencing must be resolved through testimony. This is not so. The rules governing sentencing grant the district court discretion to resolve objections to the presentence report by means of testimony but do not require it:

> At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations . . . and must rule on any unresolved objections to the presentence report. The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections.

Fed. R. Crim. P. 32(c)(1). Federal sentencing guidelines further state that "the court may consider relevant information without regard to its admissibility under the rules of evidence . . . provided the information has sufficient indicia of reliability. . . ." U.S.S.G. § 6A1.3(a) (1998). Courts of appeals have specifically approved resolving factual disputes at sentencing without resort to testimony. United States v. Booze, 108 F.3d 378, 381 (D.C. Cir. 1997).

Here, one of Ramirez's co-conspirators pleaded guilty to his involvement in the drug ring before Ramirez was sentenced. The co-conspirator told the district court, under oath, that he received twenty pounds of methamphetamine from Ramirez, and this statement was repeated in Ramirez's presentence report. At Ramirez's sentencing hearing, the prosecutor made an offer of proof that the

co-conspirator would testify to his receipt of the twenty pounds of methamphetamine from Ramirez. Though he lodged what he said was a legal objection to the district court's authority under Apprendi to make such a finding, Ramirez did not dispute the factual content of the government's offer of proof. We conclude, on the record before us, both that the evidence is sufficient to support the district court's finding, and that the court could make such a finding without hearing actual testimony.

**B**

Ramirez also believes that by refusing to hear testimony, the district court denied his Sixth Amendment right to confront the government's witnesses. The Sixth Amendment does not extend to the sentencing portion of a criminal trial, and consequently, we reject this claim. United States v. Beaulieu, 893 F.2d 1177, 1180-81 (10th Cir. 1990).

## C

Finally, Ramirez asserts that any judge-found fact—including drug quantity—that triggers a mandatory minimum sentence is subject to the same protections as is a judge-found fact that increases a penalty beyond the prescribed statutory maximum.  Applying    Harris , we reject this claim.  122 S. Ct. at 2420.

## IV

We **AFFIRM**  the judgment of the district court.


Entered for the Court


Carlos F. Lucero
Circuit Judge