**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUN 9 2003**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 02-7113 |
| FREDERICK ALLEN THOMPSON, | (D.C. No. 02-CV-133-S) |
| | (E.D. Oklahoma) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT***

Before **KELLY**, **BRISCOE** and **LUCERO,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant Frederick Allen Thompson, a federal prisoner appearing pro se, sought a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion.  On February 27, 2003, this court granted Thompson a COA on two

---

*This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

issues: (1) whether Thompson received ineffective assistance of trial counsel because counsel failed to force the government to turn over exculpatory evidence; and (2) whether he received ineffective assistance of trial counsel because counsel failed to obtain original audio/video tapes of controlled drug buys. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm. We deny a COA on the remaining issues.

Thompson was convicted of drug conspiracy, in violation of 21 U.S.C. § 846, and distribution of cocaine base, in violation of 21 U.S.C. § 841(a), and was sentenced to a term of imprisonment of 121 months. His conviction was affirmed on direct appeal, see United States v. Thompson, 237 F.3d 1258 (10th Cir. 2001), and the Supreme Court denied certiorari, see Thompson v. United States, 532 U.S. 987 (2001). In his § 2255 motion, Thompson asserted (1) denial of his constitutional right to a fast and speedy trial; (2) selective prosecution; (3) vindictive prosecution; (4) insufficient evidence to prove conspiracy; (5) ineffective assistance of trial counsel; and (6) ineffective assistance of appellate counsel. The district court denied relief on the first four claims because they should have been raised on direct appeal. See United States v. Khan, 835 F.2d 749, 753-54 (10th Cir. 1987) (holding § 2255 is not available to test the legality of matters that should have been raised on direct appeal). The district court applied the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), and rejected the ineffective assistance of counsel claims.

Given Thompson's pro se status, we construe his contentions liberally. See Haines

v. Kerner, 404 U.S. 519, 520-21 (1972).  Thompson's ineffective assistance of counsel claims present mixed questions of law and fact which we review de novo.  Fisher v. Gibson, 282 F.3d 1283, 1290 (10th Cir. 2002).  Under Strickland, Thompson "must show that counsel's performance was deficient . . . .  Second, [he] must show that the deficient performance prejudiced the defense."  466 U.S. at 687.  Prejudice is shown by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  Our review of counsel's performance is "highly deferential."  Id. at 689.

Thompson argues his trial counsel "failed to force the government to turn over 'exculpatory' evidence, i.e., statements of 'all' parties," in violation of Brady v. Maryland, 373 U.S. 83 (1963).  Aplt. Br. at 12.  To establish a Brady violation, Thompson must demonstrate "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense."  Scott v. Mullin, 303 F.3d 1222, 1230 (10th Cir. 2002) (internal quotation omitted).  Thompson fails to identify the evidence the government allegedly withheld or how that evidence was favorable to his defense.  A mere conclusory allegation does not establish a Brady violation and is insufficient to support an ineffective assistance of counsel claim.  See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without

3

supporting factual averments.").

Thompson also contends his trial counsel was deficient in failing to obtain the original audio/video tapes of controlled drug buys to prove the government "doctored" the copies of the tapes. Before the tapes were admitted into evidence at trial, a special agent with the Federal Bureau of Investigation testified that the tapes were true and accurate copies of the originals, but they had been "altered to consolidate down time." ROA VI at 64. The tapes were admitted and played to the jury without objection from defense counsel. Thompson does not explain how the tapes were "doctored" or how his counsel's allegedly deficient performance prejudiced his defense. Again, his allegations are merely conclusory and are insufficient to support his ineffective assistance claim. See Fisher, 38 F.3d at 1147.

AFFIRMED. Thompson's request for a COA on the remaining issues is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge