**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas Duane SCOTT, Defendant–Appellant.**

**No. 01–7124.**

United States Court of Appeals, Tenth Circuit.

May 30, 2002.

Before SEYMOUR, PORFILIO, and BALDOCK, Circuit Judges.

ORDER AND JUDGMENT [*]

SEYMOUR, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not ma-

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

terially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Thomas Duane Scott appeals the order of the district court denying his motion to vacate sentence under 28 U.S.C. § 2255. He also reapplies in this court for a certificate of appealability (COA). In order to merit the grant of COA, defendant must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires "a demonstration that … includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel,* 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation omitted). We review the factual findings underlying the denial of a § 2255 motion for clear error and subject the district court's legal conclusions to de novo review. *United States v. Cockerham,* 237 F.3d 1179, 1181 (10th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 821, 151 L.Ed.2d 703 (2002).

The facts of this case are well known to the parties, and we will repeat them here only as necessary. Essentially, defendant was charged with various illegal acts surrounding the production and distribution of methamphetamine and accompanying firearms violations. After defendant's four suppression motions were denied, defendant executed a negotiated plea agreement in which he entered a conditional guilty plea to possession of a firearm after former conviction of a felony in violation of 18 U.S.C. § 922(g), and to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Defendant reserved the right to appeal the denial of his suppression motions and was sentenced to two concurrent terms of two hundred months' imprisonment, to be followed by concurrent three- and five-year terms of supervised release.

On direct appeal, this court affirmed, concluding that defendant's initial detention was supported by reasonable suspicion of criminal activity, probable cause supported the eventual arrest, lack of standing barred defendant's challenge to a vehicular search, the state search warrant for defendant's home was valid, and defendant's self-incriminating statements were not coerced. *See United States v. Scott,* No. 99–7113, 2000 WL 368441, at *3–4 (10th Cir. Apr.10, 2000).

Defendant then filed his pro se § 2255 motion and a supplement to that motion raising fifteen issues in all, most of which had not been raised on direct appeal and were thus couched in terms of ineffective assistance of counsel. *See United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995). In his motion, defendant argued a *Brady* violation,[1] attacked the calculation of his sentence on a number of grounds, put forth an entrapment by estoppel defense, raised Fourth Amendment challenges, and asserted that his conviction was invalid under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court denied defendant's motion, and defendant reiterates all of these claims on appeal.[2]

---

1. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (requiring the government to turn over exculpatory evidence to the defense).

2. Defendant also charges that the sentencing court failed to file what he contends is the required statutory notice to enhance his sentence pursuant to 18 U.S.C. § 924(e). This argument is unclear and, in any event, was not raised before the district court and will

■ Defendant's *Brady* argument charges that the government should have turned over transcripts of a state court hearing that would have established a Fourth Amendment violation. It is inconceivable that neither defendant nor his counsel were present at that hearing, and defendant does not make this claim. Because defendant and his counsel were undoubtedly aware of the information developed at the state court hearing, there can be no *Brady* violation. *See United States v. Quintanilla,* 193 F.3d 1139, 1149 (10th Cir.1999).

■ As to his entrapment by estoppel defense, defendant argues that a licensed gun dealer and a local law enforcement authority had informed him that it was legal for him to possess firearms for sport purposes and that counsel was ineffective for failing to subpoena these witnesses.

The defense of entrapment by estoppel is implicated where *an agent of the government affirmatively misleads a party as to the state of the law and that party proceeds to act on the misrepresentation* so that criminal prosecution of the actor implicates due process concerns under the Fifth and Fourteenth amendments. There must be an "active misleading" by the government agent, and actual reliance by the defendant. *Further, the defendant's reliance must be reasonable in light of the identity of the agent, the*

point of law misrepresented, and the substance of the misrepresentation.*

*United States v. Gutierrez–Gonzalez,* 184 F.3d 1160, 1166 (10th Cir.1999) (quotation omitted) (alteration in original).

The district court rejected defendant's entrapment by estoppel argument, noting that defendant had not provided the name of the gun dealer or the local law enforcement officer who had given him the information nor had he established that his reliance on such information was reasonable.[3] Defendant responded with a document styled "Proof of Allegations Raised in 28 U.S.C. § 2255" in which he stated that the identity of the gun dealer had been included in his reply to the government's response to his § 2255 motion. Although the Proof of Allegations document was filed after the court had dismissed the case, the court considered the new evidence and concluded that "[defendant] has not established that the gun dealer had any authority to advise [defendant] on what federal law authorized or that [defendant] was justified [in] relying on this person's information such that [defendant] could have used the defense of entrapment by estoppel." R. Vol. I, tab 30. We agree.[4] Defendant has failed to establish a reasonable probability that this defense would have changed the outcome of his case and thus has failed to establish the prejudice required for a showing of inef-

---

not be considered on appeal. *See Walker v. Mather (In re Walker),* 959 F.2d 894, 896 (10th Cir.1992).

**3.** We note that this circuit has yet to decide whether, by granting a license to sell firearms, the government also implicitly grants the licensee the authority to interpret, administer, or enforce the law so as to become an agent of the government for entrapment by estoppel purposes. *See Gutierrez–Gonzalez,* 184 F.3d at 1168 (holding decision on that point unnecessary under the facts of the case).

**4.** A similar flaw affects defendant's claim that information from local law enforcement officers provided the basis for his entrapment by estoppel defense. The proof put forth on that point is an evidence report from the Ardmore Police Department documenting that a .22 caliber long rifle was released to defendant after his arrest for public intoxication. *See* R. tab 1, ex. A. There is no indication that the agent who released the rifle to defendant knew of his prior felony convictions or affirmatively misled him into believing that such possession was legal.

fective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Defendant next offers several challenges to the calculation of his sentence as evidence of counsel's ineffectiveness, including failure to object to improper drug amounts, failure to object to a two-point enhancement for possession of a firearm, failure to urge a downward departure based on state law, and failure to object to prior convictions used to enhance the sentence when civil rights were completely restored on those convictions. The district court concluded that defendant could not show he had been prejudiced by any of these alleged failures and thus had not demonstrated ineffective assistance of counsel. Defendant contends that his sentence would have been reduced by one hundred months if these issues had been pursued by counsel.

Defendant loses sight of the fact that he was sentenced pursuant to the terms of a negotiated plea agreement in which the parties stipulated to the two hundred month sentence and agreed that the sentence "may represent a point within a range which is different than would otherwise be applicable but represents an appropriate disposition of this case." R. Vol. I, tab 7, ex. 1 at 2. Indeed, defendant faced a far greater sentence had he gone to trial and been convicted on all counts. This risk was expertly summarized for defendant in a letter from counsel after the district court had denied defendant's suppression motions and before he decided to enter a guilty plea.

Defendant cannot have it both ways. He cannot accept the government's offer to drop three of the counts against him in return for a specified two hundred month sentence and then argue that guideline reductions should have reduced his sentence to less than two hundred months.

The district court correctly found no prejudice to defendant from any failure by counsel to pursue defendant's sentencing calculation arguments, and thus there was no ineffective assistance of counsel. *See Strickland*, 466 U.S. at 692, 104 S.Ct. 2052.

■ Turning to a group of claims charging ineffective assistance of counsel on various Fourth Amendment issues, defendant raises counsel's failure to move for suppression of evidence seized at defendant's home, failure to address the scope of the federal warrant, and failure to move for suppression of evidence found in outbuildings and curtilage. The district court found these issues to have been raised by counsel either at pretrial or on appeal and thus counsel could not have been ineffective for failing to raise them.

Counsel at the federal suppression hearing clearly raised both the issue of whether state agents "seized" defendant's home without a warrant and whether federal agents exceeded the scope of their warrant. This court has already upheld the validity of the state search warrant, *see Scott*, 2000 WL 368441, at *4. Under federal standards which apply even to state warrants, *see United States v. Dickerson*, 195 F.3d 1183, 1187 (10th Cir.1999), the curtilage of a residence, including outbuildings and vehicles, may be searched even if not specifically named in the warrant, *United States v. Finnigin*, 113 F.3d 1182, 1186 (10th Cir.1997). Because this argument is without merit, it was not ineffective for counsel to ignore it. *See Castro v. Ward*, 138 F.3d 810, 832 (10th Cir.1998).

To the extent defendant raises arguments regarding whether state or federal agents found the contraband, whether he could object to the search of the car, and whether his arrest was supported by probable cause, we note that those issues have been resolved on direct appeal and cannot

form the basis for § 2255 relief. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir.1994). Defendant's charge that counsel wrongly failed to address these issues is conclusory and unsupported.

In his brief to this court, defendant correctly argues that, although he does not have standing to object to the search of the car *per se*, he does have standing to challenge the search of his personal property in the car, namely a jacket lying on the back seat. *See United States v. Edwards*, 242 F.3d 928, 937 (10th Cir.2001) (holding that defendant had standing to object to search of personal luggage contained within trunk of rental car). Defendant, however, did not raise this issue on direct appeal and now attempts to argue that counsel was ineffective for failing to use an affidavit from the car owner indicating that she was coerced into consenting to the search. We have already rejected the coercion argument on direct appeal. *See Scott*, 2000 WL 368441, at *4 n. 1. Other than this contention, defendant offers no basis upon which counsel should have challenged the search of his jacket.

█ Finally, defendant brings a rather disjointed argument based on *Apprendi*. Defendant pled guilty to possession with intent to distribute in excess of one hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine. The amount of methamphetamine alleged was sufficient to trigger the ten-year mandatory minimum to life sentencing range pursuant to 21 U.S.C. § 841(b)(1)(A)(viii). Defendant's two hundred month sentence is well within the statutory range and does not run afoul of *Apprendi. See United States v. Thompson*, 237 F.3d 1258, 1262–63 (10th Cir.), *cert. denied*, 532 U.S. 987, 121 S.Ct. 1637, 149 L.Ed.2d 497 (2001).

█ Defendant also apparently believes that *Apprendi* requires an indictment to specify the penalty to be imposed because, according to his reasoning, penalty is an essential element of an offense. *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. The focus of *Apprendi* is on the *fact* that increases a penalty, not on the penalty itself. Defendant's argument that penalty is an essential element of an offense has no merit.

Because defendant has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), the application for COA is denied.

This appeal is DISMISSED.